UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

Cassie Heyward, )
)
    *Plaintiff*, )
)
v. ) No.: 3:13-CV-645-PLR-HBG
)
CDM Smith, Inc. a/k/a Camp )
Dresser & McKee, Inc., and URS )
CH2M Oak Ridge, LLC a/k/a UCOR, )
)
    *Defendants*. )

## Memorandum Opinion and Order

Plaintiff Cassie Heyward was terminated from her position with CDM Smith, a government contractor, in June 2012. Mrs. Heyward filed the present lawsuit on October 23, 2013 alleging her termination was the result of unlawful race and age discrimination. Presently before the Court is the defendants' partial motion to dismiss. [R. 8]. Because part of Count III and all of Counts IV, V, and VI[1] fail to state claims for which relief can be granted, they will be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Standard of Review

Rules 8(a) and 12(b)(6) require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in

---

[1] The plaintiff's complaint includes two Count Vs. In this opinion, the Court will refer to the second Count V as Count VI.

the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## Discussion

### A. Count III – 42 U.S.C. § 1981

Count III of the plaintiff's complaint alleges the defendants violated 42 U.S.C. § 1981 by denying "the Plaintiff her right to make and enforce contracts notwithstanding her race and/or age." [R. 1, ¶ 22]. Section 1981 generally applies to prohibit racial discrimination. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 387-88 (1982). It does not, however, contemplate claims based on age discrimination—those claims fall under the purview of the Age Discrimination in Employment Act. 29 U.S.C. § 621-634. The plaintiff acknowledges as much in her response. [R. 14, ¶ 2]. Accordingly, to the extant Count III of the plaintiff's complaint asserts a claim for age discrimination under 42 U.S.C. § 1981, it will be dismissed. The racial discrimination allegations in Count III will remain.

2

### B. Count IV – Breach of Public Policy

Count IV of the plaintiff's complaint alleges the defendants discriminated against her "in violation of TCA § 4-21-401 and contravened the above-mentioned established public policy prohibiting racial and age discrimination." [R. 1, ¶ 26]. The plaintiff's Breach of Public Policy claim is actually a claim under the Tennessee Human Rights Act (the "THRA"). The THRA prohibits—and provides the exclusive remedy for—discrimination in employment on the basis of race, color, creed, religion, sex, or national origin. Tenn. Code Ann. § 4-21-101, *et seq. See also, Fonseca v. Golden Living Center-Mountainview*, 2010 WL 3155984, at *9 (E.D. Tenn. August 10, 2010) ("Plaintiff's common law claim for 'wrongful termination' based on gender discrimination is precluded by the exclusive remedies available through the THRA . . . ."); *England v. Fleetguard, Inc.*, 878 F.Supp 1058 (M.D. Tenn. 1995) (holding that the statutory remedies in the THRA were the sole and exclusive remedies available to employee allegedly discriminated against on the basis of religion).

Any action under the THRA must be filed within one year of the date the alleged discriminatory practice ceased. Tenn. Code Ann. § 4-21-311. The plaintiff was terminated on June 9, 2012. [R. 1, ¶ 8]. She did not file this action until October 23, 2013—over sixteen months after her termination. Accordingly, Count IV of the plaintiff's complaint is time-barred and will be dismissed.

### C. Counts V and VI – Breach of Contract

Counts V and VI are breach-of-contract claims premised on the idea that the plaintiff is a third party beneficiary of the contract between the defendants and the federal government. Count V contends by discriminating against the plaintiff, the defendants violated Executive Order 11246—an equal employment and affirmative action provision believed to be incorporated

3

into the defendants' contracts with the federal government. Count VI alleges a breach of the common law covenant of good faith and fair dealing.

The general rule is that an individual who is not a party to a contract cannot sue for its breach. *Smith v. Chattanooga Medical Investors, Inc.*, 62 S.W.3d 178, 185 (Tenn. Ct. App. 2001). In certain circumstances, however, where a non-party can demonstrate that she is an intended beneficiary of the contract, the general rule does not apply. *Id.* Unlike intentional beneficiaries, incidental beneficiaries do not have standing to enforce the contract. The Tennessee Court of Appeals has explained the difference between intentional and incidental beneficiaries as follows:

> The law draws a sharp distinction between an intentional beneficiary (who may maintain an action on the contract) and an incidental beneficiary (who may not). The fact that a party may reap a substantial benefit from the performance of a contract does not, in and of itself, entitle him to the status of intentional beneficiary. Rather, he must show that the contract was entered into, at least in part, for that party's benefit (the "intent to benefit" test) or that one party to the contract assumed a duty that the other party owed to the third-party (the "duty owed" test).

*Id.*

Government contracts are generally presumed to be made for the benefit of all the citizens. *Coburn v. City of Dyersburg*, 774 S.W.2d 610, 612 (Tenn. Ct. App. 1989). "A contract entered into by a governmental entity requires a showing that the contract was intended by the parties to confer a direct obligation to identifiable third-party entities." *Id.* The plaintiff in this case was an incidental beneficiary of the federal government's contracts with the defendants. There is nothing in the complaint alleging the government entered into contracts with the defendants for the specific purpose of employing and benefiting the plaintiff. Because the

4

plaintiff is an incidental third party beneficiary, she lacks standing to sue to enforce the contracts at issue and Counts V and VI will be dismissed.[2]

### D. Conclusion

For the reasons discussed, the defendants' partial motion to dismiss, [R. 8], is **Granted**. Counts IV, V, and VI of the plaintiff's complaint are **Dismissed** for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Count III of the plaintiffs complaint is also dismissed under Rule 12(b)(6) to the extent it makes a claim under 42 U.S.C. § 1981 for age discrimination. Counts I, II, and the racial discrimination allegations in Count III remain.

**It is so ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] Aside from her lack of standing to enforce the contracts, Count V of the plaintiff's complaint would also be dismissed because courts have consistently held that Executive Order 112467 does not create a private right of action for persons alleging employment discrimination. *Stefanovic v. University of Tennessee*, 935 F.Supp. 944, 948 (E.D. Tenn. 1996) (collecting cases).